UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:  2/1/2023
```

UNITED STATES OF AMERICA,

-v-

JAMSHED RAHMATOV,

                Defendants.

1:22-cr-268 (MKV)

**ORDER**

MARY KAY VYSKOCIL, United States District Judge:

      On November 15, 2022, the Court received by certified mail a handwritten letter from Defendant Jamshed Rahmatov. The letter, addressed to the Court, expresses Defendant's interest in pursuing an appeal. [*See* ECF Nos. 30, 32.] As with any communications the Court receives from the parties, the letter was separately filed on the public docket. [*See* ECF Nos. 30, 32.] The Court instructed that to the extent counsel wished "to withdraw Defendant's letter," counsel should file "a formal application or notice of withdrawal . . . on the docket." [ECF No. 30.]

      Defendant's counsel thereafter filed two letter motions, devoid of any legal authority, requesting that the Court strike the letter from the docket "on the grounds that Mr. Rahmatov did not understand it would be made public when he sent it, it was submitted without consultation with counsel in a very serious criminal case, and its continued publication . . . could prejudice both Mr. Rahmatov and one or more third parties." [ECF No. 31; *see also* ECF No. 33.]

      There is a "presumption . . . in favor of public access to judicial records." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 602 (1978). Counsel does not contest that Defendant's letter is a judicial document. *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006). Nor does counsel attempt to suggest that the "very strong presumption of public access," *Olson v. Major League Baseball*, 466 F. Supp. 3d 450, 454 (S.D.N.Y. 2020), *aff'd*, 29 F.4th 59 (2d Cir. 2022), does not attach where, as here, the document might be used "to determine [Defendant's]

substantive legal rights"—that is, his right to appeal, *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 142 (2d Cir. 2016).  Moreover, the Court concludes that counsel's vague and conclusory assertions of prejudice to Defendant and "one or more third parties" is insufficient to overcome this "robust presumption."  *Olson*, 466 F. Supp. 3d at 455.  Accordingly, Defendant's letter motions to strike the handwritten letter are DENIED.

      The Clerk of Court is respectfully requested to terminate docket entries 31 and 33.

**SO ORDERED.**

Date:  **February 1, 2023**
      **New York, NY**

_____
**MARY KAY VYSKOCIL**
**United States District Judge**